UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE RODRIGUEZ | : |
| | : |
| | :    NO. 3:11-CV-131(EBB) |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA | : |

RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

The petitioner, Jose Rodriguez, ("Rodriguez"), moves, *pro se*, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Rodriguez, a federal prisoner, is currently serving an 87-month sentence after pleading guilty to one count of an indictment charging him with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine.  Rodriguez claims that his counsel was constitutionally ineffective for:  (1) advising him to enter into a plea with a stipulated sentence of 87 months; (2) not adequately advising him of the sentence he was facing; and (3) failing to argue that he should have been sentenced at the bottom of the guidelines range.  Additionally, Rodriguez challenges his sentence as substantively unreasonable.   For the following reasons, Rodriguez's motion [doc. # 1] is denied.

BACKGROUND

On April 9, 2008, Rodriguez was charged by indictment with one count of conspiracy to possess with intent to distribute and to distribute cocaine, and a second count of possession with intent to distribute cocaine.  On November 12, 2009, Rodriguez entered a plea of guilty on the first count of the indictment.  In the plea agreement, Rodriguez stipulated that his guideline range for sentencing was 120 months.  This calculation was based on a projected offense level of 29 and a criminal history category of I.  Additionally, the plea provided that Rodriguez could

1

attempt to qualify for a two-level safety-valve reduction in his offense level as provided for in U.S.S.G. § 2D1.1(b)(11). Rodriguez also stipulated in the plea agreement that if he qualified for the safety-valve reduction, his guideline range would be 70-87 months of imprisonment. Further, the plea agreement contained a waiver provision whereby Rodriguez agreed to waive his right to appeal his conviction and sentence or collaterally attack it, including by a motion under 28 U.S.C. § 2255, provided he was not sentenced to more than 120 months if he did not qualify for a safety-valve reduction, or more than 87 months if he did qualify for a safety-valve reduction.

Before accepting his guilty plea, the Court conducted a canvass pursuant to Fed. R. Crim. P. 11. Rodriguez was placed under oath and thoroughly canvassed regarding his understanding of the plea agreement.[1] Specifically, the Court reviewed the provisions of the plea agreement pertaining to the possible sentences Rodriguez could face; explaining that without a safety-valve reduction his sentencing range was 120 months, and with the reduction his range was 70-87 months. Rodriguez indicated that he understood this and did not have any questions. The Court also canvassed Rodriguez regarding his understanding of the provision of the plea agreement relating to the waiver of his right to appeal or collaterally attack his sentence. The Court explained that Rodriguez would be giving up his right to appeal or collaterally attack his sentence if he did not qualify for the safety-valve reduction and was sentenced to 120 months or less, or if he did qualify for the safety-valve reduction and was sentenced to 87 months or less. Rodriguez indicated that he understood. The Court found that there was a factual basis for the plea and that it was entered knowingly and voluntarily.

---

[1] Although Rodriguez speaks Spanish, he was assisted by an interpreter during his interactions with his attorney and the Court. His plea agreement was also translated into Spanish.

Rodriguez was sentenced on February 12, 2010. The Court found that he qualified for the safety-valve reduction and sentenced Rodriguez to 87 months imprisonment with a five year term of supervised release. On January 24, 2011, Rodriguez, acting *pro se*, filed the present motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C § 2255.

DISCUSSION

*A. Waiver of Appeal*

Rodriguez's 87-month sentence was within the range that triggered the appeal waiver in his plea agreement. Therefore, the issue before the Court is whether Rodriguez's waiver of his right to collaterally attack his sentence precludes review of this § 2255 motion, in which he challenges the effectiveness of his counsel with regard to entering into the plea agreement.

The Second Circuit has repeatedly upheld the validity of appeal waivers in plea agreements, as barring both direct appeals and motions pursuant to § 2255, provided such waivers are "knowingly, voluntarily, and competently provided by the defendant." United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000); see also, Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001). A defendant who has knowingly and voluntarily waived his right to collaterally attack his sentence and secured the benefits of a plea agreement cannot then challenge "the merits of the sentence conforming to the agreement, for to permit such a defendant to escape the fairly bargained-for consequences of [his] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." United States v. Monzon, 359 F.3d 110, 117 (2d Cir. 2004) (internal quotation marks omitted).

A claim of ineffective assistance of counsel will only survive the appeal waiver where the claim concerns the advice the defendant received from counsel when deciding to enter into the plea agreement. See, e.g., Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008). Thus,

3

despite an appeal waiver, the court will review a petitioner's claim that his plea agreement was not knowing and voluntary "because the advice he received from counsel was not within acceptable standards." Id. (internal quotation marks omitted).

*B. Ineffective Assistance of Counsel Claim*

The first two aspects of Rodriguez's ineffective assistance of counsel claim, i.e., that his counsel was ineffective for advising him to enter into a plea agreement with a stipulated sentence of 87 months and not adequately advising him of the sentence he was facing, relate to his counsel's advice regarding his decision to enter into the plea agreement. Thus, the Court will review these claims, despite the waiver, in order to determine if Rodriguez's plea and waiver were knowing and voluntary. See, Parisi, 529 F.3d at 138 (ineffective assistance of counsel claim relating to advice regarding the plea survives a plea waiver because it is connected to the knowing and voluntary nature of the plea).

A claim of ineffective assistance of counsel is evaluated under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong of Strickland, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Under the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "To satisfy the second prong of Strickland in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

When assessing counsel's performance under the first prong of Strickland, the court evaluates reasonableness in light of "prevailing professional norms," considering the "circumstances counsel faced at the time of the relevant conduct" and evaluating "the conduct from counsel's point of view." Parisi, 529 F.3d at 141 (internal quotation marks omitted). For purposes of making a determination under the second prong of Strickland, a reasonable probability is "a probability sufficient to undermine the confidence in the outcome." Strickland, 466 U.S. at 694.

Rodriguez's first claim is that his counsel was ineffective for advising him to enter into a plea with a stipulated sentence of 87 months. Initially, this claim is flawed because Rodriguez did not, in fact, enter into a plea agreement that stipulated to a sentence of 87 months. Rather, Rodriguez's plea agreement stipulated that, if he qualified for the safety-valve reduction, his guidelines sentencing range would be between 70 and 87 months. Because Rodriguez is acting *pro se*, however, the Court construes his claim as challenging his attorney's advice to enter into a plea agreement that stipulated to a guidelines sentencing range of 70-87 months. See, e.g., Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (noting that *pro se* submissions must be construed liberally to "raise the strongest arguments that they suggest" [internal quotation marks omitted]).

Even construed liberally, however, Rodriguez's claim is unpersuasive. There is no merit to his assertion that, because he was a first-time offender, he should have been sentenced to 70 months, the bottom of the guidelines range, and thus his counsel's representation fell below an objective standard of reasonableness when he advised him to enter into a plea agreement that stipulated to a guidelines range higher than 70 months. There are several reasons why this claim is flawed.

First, Rodriguez is not a first-time offender.  As noted in his presentence report, Rodriguez has a prior conviction in New York that resulted in one year of probation.  Thus, for purposes of his guideline calculation, his criminal history category was I.  Moreover, pursuant to the guidelines, a criminal history category of I applies to defendants with zero to one prior conviction.  Thus, even if Rodriguez was a first-time offender, he would still fall into the same criminal history category, and the calculation of his guidelines range would not change.  Second, Rodriguez's argument is flawed because the plea agreement did not stipulate to a specific sentence, and expressly reserved his right to argue for a sentence below the bottom of the guidelines range.  For these reasons, Rodriguez's counsel was not ineffective for advising him to enter into a plea agreement that stipulated that his guideline sentencing range was 70-87 months.

Rodriguez's second claim is that his counsel was ineffective for not adequately advising him of the sentence he faced if he entered into the plea agreement.  There is no merit to this argument.  The Second Circuit has held that when a petitioner claims that counsel was ineffective for failing to adequately advise him of the possible sentence he could face as a result of a guilty plea, "the issue is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea." Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992).  "Thus, even if counsel provides deficient advice, a defendant who understands the actual sentencing possibilities prior to entering the plea cannot succeed on an ineffective assistance of counsel claim because the defendant cannot prove that 'but for counsel's unprofessional errors' he would have elected to proceed with the trial instead of pleading guilty." United States v. Soler, 289 F. Supp. 2d 210, 215 (D. Conn. 2003) (quoting, United States ex rel. LaFay v. Fritz, 455 F.2d 297 (2d Cir. 1972)).

Despite Rodriguez's assertions to the contrary, the record reveals that he was fully aware of the possible sentence he faced before the Court accepted his plea agreement. The plea agreement sets forth the possible sentence ranges he could be exposed to as a result of his guilty plea. By signing the agreement, Rodriquez acknowledged that he read and understood it, including the provisions expressly setting forth his sentencing exposure. Additionally, prior to accepting his plea, the Court canvassed Rodriguez regarding the possible sentence ranges he faced, and Rodriguez indicated that he understood the consequences of his plea and the sentence possibilities. Ultimately, Rodriguez was sentenced to a term of imprisonment that was within the range set forth in his plea agreement. Thus, the record indicates that Rodriguez understood the possible sentence he faced prior to entering his plea of guilty, and he cannot establish that, "but for" any alleged deficiency in counsel's performance, he would not have pleaded guilty. Therefore, Rodriguez's claim that his counsel rendered ineffective assistance in advising him to enter into the plea agreement also fails.

*B. Rodriguez's Remaining Claims Waived*

Rodriguez raises two additional claims that are foreclosed by the waiver provision of his plea agreement: (1) that his counsel was ineffective at the sentencing hearing for not persuading the Court to sentence Rodriguez at the bottom of the guideline range; and (2) that his sentence was substantively unreasonable because a 70-months sentence would have punished him sufficiently.

Rodriguez has failed to demonstrate that his counsel was ineffective in advising him to enter into the plea agreement, and thus, has not shown that his plea, including the waiver of his right to appeal or collaterally attack his sentence, was not knowing and voluntary. As noted, Rodriguez affirmatively acknowledged that he understood and was advised of the waiver both

when he signed the plea agreement and when he responded affirmatively to the Court's canvass regarding the waiver provision. As such, the waiver is enforceable.

"In no circumstances . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal [or collaterally attack] the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F. 2d 51 (2d Cir. 1993).

Rodriguez's claim that his counsel was ineffective at the sentencing hearing relates to conduct occurring after he entered into the plea agreement and is foreclosed by the valid and enforceable waiver of his right to collaterally attack his sentence. Additionally, because Rodriguez's 87-month sentence conformed to the valid waiver provision of the plea agreement, he is barred from collaterally challenging the merits of his sentence as substantively unreasonable.

## CONCLUSION

For the foregoing reasons, the motion of the petitioner, Jose Rodriguez, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, [doc. #1] is DENIED. A certificate of appealability will not issue as Rodriguez has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Clerk is directed to close the case.

SO ORDERED

/s/ Ellen Bree Burns, SUSDJ

ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2012 at New Haven, Connecticut.